IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| GEORGE Q. BEAMENDERFER, | * | Chapter 7 |
| dba BEAMENDERFER HOME | * | |
| IMPROVEMENTS, dba PUTT | * | |
| HOME REMODELING, and | * | |
| JACQUELINE A. BEAMENDERFER, | * | |
| aka JACQUELINE A. PUTT, | * | |
| aka JACQUELINE A. FORTNEY, | * | |
| dba PUTT HOME REMODELING, | * | |
|     Debtors | * | |
| | * | Case No.: 1-06-bk-00610MDF |
| GARY L. MITCHELL and | * | |
| LINDA MITCHELL, | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | Adv. No.: 1-06-ap-00119 |
| | * | |
| GEORGE Q. BEAMENDERFER, | * | |
| dba BEAMENDERFER HOME | * | |
| IMPROVEMENTS, | * | |
|     Defendant | * | |

## OPINION

### Procedural History

Gary and Linda Mitchell ("Plaintiffs") filed a complaint on August 23, 2006 to determine the dischargeability of their claim against Debtor George Beamenderfer ("Defendant"). The claim is based on allegations that while under contract to perform construction work on Plaintiffs' home, Defendant accepted $95,440.00 in payments from Plaintiffs without performing the work specified in the contract.[1] According to the complaint, Defendant attempted to conceal

---

[1] Debtors' schedule of unsecured creditors lists Plaintiffs as holding a claim in the amount of $25,000.00. Debtors describe the claim cryptically as "Litigation plaintiff." Plaintffs' amended complaint does not refer to any state court litigation or judgment involving Plaintiffs' claim. Plaintiffs did not file a proof of claim in the bankruptcy case.

1

his failure to perform the services required under the contract and intentionally damaged Plaintiffs' residence during construction.  Plaintiffs also assert that in response to the concerns they expressed to Defendant that their health issues limited their ability to monitor the progress of the construction, Defendant advised them that he would "take care of everything."  Before an answer was filed, Plaintiffs filed an amended complaint on September 9, 2006.  The amended complaint consisted of three counts under 11 U.S.C. § 523.  Count one alleges that the debt to Plaintiffs was incurred by false pretenses, false representations or fraud as contemplated by § 523(a)(2).  Count two alleges that the debt was incurred by fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny as contemplated by § 523(a)(4).  Count three alleges that the debt was incurred through a willful and malicious injury committed by Defendant as contemplated by § 523(a)(6).

On September 20, 2006, Defendant filed a motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted.  In his motion, Defendant asserted that Plaintiffs had failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b), that they failed to plead "as to how Defendant can act in a fiduciary capacity," and that they failed to "allege actual embezzlement or larceny [or] willful or (sic) malicious injury."  Plaintiffs filed an answer to the motion to dismiss, and both parties filed briefs.  The matter is ready for decision.[2]

---

[2]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.  This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O).

Case 1:06-ap-00119-MDF    Doc 8    Filed 01/23/07    Entered 01/25/07 12:09:16    Desc
Main Document      Page 2 of 5

## Discussion

In deciding a motion to dismiss, the Court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences that can be drawn therefrom in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Kehr Packages, Inc.v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d. Cir.), *cert. denied*, 111 S.Ct. 2839 (1991). The Court need not determine whether or not the non-moving party ultimately will prevail, but only whether the plaintiff would be entitled to relief under any set of facts that could be proven consistent with the allegations set forth in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

The amended complaint pleads claims under 11 U.S.C. § 523(a)(2) and (6) that are sufficient to rebut Debtor's motion to dismiss. Specifically, Plaintiffs have pleaded fraud under § 523(a)(2) with sufficient particularity to satisfy Fed.R.Civ.P. 9(b). In the context of Rule 9(b), specificity means "the who, what, when, where and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) *cert. denied*, 498 U.S. 941, 111 S. Ct. 347, 112 L.Ed. 2d 312 (1990). Plaintiffs' complaint contains all of these elements, alleging that, in September 2004 Defendant agreed in writing to perform certain construction work at Plaintiffs' home, that he performed work under the agreement between October 4 and December 30, 2004, that he intentionally failed to perform the agreed construction services, that he fraudulently attempted to conceal these failures, and that he intentionally damaged the residence in certain specified ways. These facts, construed in the light most favorable to Plaintiffs, also are sufficient to state a cause of action for willful and malicious injury.

3

Count two under § 523(a)(4), which precludes discharge of debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," however, is deficient. In the motion to dismiss, Defendant argues that Plaintiffs have failed to plead sufficient facts, which if true, would allow the Court to find that Defendant owed a fiduciary duty to Plaintiffs. In response, Plaintiffs assert that they are not alleging that Defendant was acting in a fiduciary capacity, but that he embezzled their funds, which also is encompassed within §523(a)(4).

Embezzlement for purposes of 11 U.S.C. § 523(a)(4) is defined as the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Belfry v. Cardozo (In re Belfry),* 862 F.2d 661, 662 (8th Cir.1988) (quoting *Teamsters Local 533 v. Schultz ( In re Schultz),* 46 B.R. 880, 889 (Bankr.D.Nev.1985)). Payment of a contract price in exchange for the recipient to undertake an obligation of future performance transfers the ownership of the money to the recipient. *Belfry*, 862 F.2d at 662; *In re Mathis*, 2006 WL 3512109 (Bankr. C.D. Ill); *In re Birt*, 173 B.R. 346 (Bankr. N.D. Ohio 1994). "One cannot embezzle one's own property." *Belfry*, 862 F.2d at 662, *Mathis*, at *5; *Birt*, 173 B.R. at 353 (debt of debtor/residential building contractor not excepted from discharge as having been incurred through embezzlement because check given to debtor for work became his property when received). In the instant case, the allegations of the amended complaint, even when read in a light most favorable to Plaintiffs, would not support a finding that Defendant committed embezzlement. Nothing in the allegations of the amended complaint indicates that the funds paid to Defendant did not become his property when he received the check.

4

Finally, in his motion to dismiss Defendant argues that Plaintiffs failed to join an indispensable party when they filed the instant adversary case. However, Defendant presents no argument on this point in the brief on his motion. Therefore, the Court considers the argument to have been withdrawn. *See* L.B.R. 7002-1.

An order will be entered dismissing count two of the amended complaint. The motion to dismiss counts one and three are denied.

By the Court,

Mary D. France
Bankruptcy Judge

*This document is electronically signed and filed on the same date.*

Date: January 23, 2007